UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SAVE STRAWBERRY CANYON,

       Plaintiff (s),

v.

LAWRENCE BERKELEY NATIONAL
LABORATORY,
       Defendant(s).

No. **C 08-03494 TEH**

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Thelton E. Henderson. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 7/21/2008 | Complaint filed | |
| 10/6/2008 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP_26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil_L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil_L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |

10/20/2008   Last day to file Rule 26(f) Report, complete initial          FRCivP 26(a) (1)
             disclosures or state objection in Rule 26(f) Report and file    Civil L.R . 16-9
             Case Management Statement per attached Standing Order
             re Contents of Joint Case Management Statement (also
             available at http://www.cand.uscourts.gov)

10/27/2008   INITIAL CASE MANAGEMENT CONFERENCE                Civil L.R. 16-10
             (CMC) in Courtroom 12, 19th Fl, SF at 1:30 PM

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER FOR THE HONORABLE THELTON E. HENDERSON**

1. Counsel shall consult and comply with all provisions of the Local Rules for the Northern District of California. The parties are reminded that most procedural questions are answered in the Local Rules. The Court will not accept any pleadings that are untimely or presented in an improper manner or form. The Local Rules are available on the Court's website and may also be obtained from the Clerk's Office. Any attorney who violates the Local Rules may be subject to sanctions pursuant to Civil Local Rule 1-4.

2. Counsel shall notice their motions for a Monday morning at 10:00 AM and need not reserve a specific motion hearing date. Case management conferences are held on Mondays at 1:30 PM, and pretrial conferences are held on Mondays at 3:00 PM.

3. Parties wanting to continue hearings, request special status conferences, or make other procedural changes shall do so either by a signed stipulation and proposed order or, if a stipulation is not possible, by a written *ex parte* application and order. Briefing schedules may not be changed by stipulation. Any change in the hearing date does not alter the original briefing schedule unless otherwise ordered by the Court.

4. Any request to reschedule a case management conference shall be made in writing, and by stipulation if possible, at least ten calendar days prior to the scheduled case management conference date.

United States District Court
For the Northern District of California

5. For Electronic Case Filing ("ECF") cases, the parties shall comply with General Order 45, including the requirement regarding courtesy copies: "In all cases subject to ECF, in addition to filing papers electronically, the parties are required to lodge for chambers **no later than noon on the business day following the day that the papers are filed electronically**, one paper copy of each document that is filed electronically. These printed copies shall be marked 'Chambers Copy' and shall be clearly marked with [Judge Henderson's] name, case number, and 'Chambers Copy-Do Not File.' **The printed copies shall be delivered to the Clerk's Office.** Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically." General Order 45, Section VI.G (emphasis added).

6. All discovery matters are hereby referred to a magistrate judge. If a discovery dispute arises, the parties shall call this Court's courtroom deputy, at (415) 522-2047, for referral to a magistrate.

7. Plaintiff is directed to serve copies of this order at once upon all parties to this action, and upon those subsequently joined, in accordance with Federal Rules of Civil Procedure 4 and 5. Plaintiff shall file with the Court a certificate reflecting such service.

**Failure to comply with this order may be deemed sufficient grounds for dismissal of this case, entry of default, or other appropriate sanctions.**

**IT IS SO ORDERED.**

Dated: March 9, 2007

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

## STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any

-1-

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.