IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAVE STRAWBERRY CANYON, a non-profit corporation,

    Plaintiff,

  v.

DEPARTMENT OF ENERGY, et al.,

    Defendants.
                                   /

No. C 08-03494 WHA

**ORDER REGARDING PRELIMINARY INJUNCTION STANDARD**

This order addresses the preliminary injunction standard to be applied in the wake of the recent *Winter* and *American Trucking* decisions. As an alternative formulation of the preliminary injunction standard, the Ninth Circuit has traditionally advanced a sliding-scale test under which injunctive relief is appropriate, among other circumstances, in cases of obvious irreparable injury but where the plaintiff is only able to show that "serious questions going to the merits were raised." *Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers*, 584 F.2d 308, 314–15 (9th Cir. 1978). The inquiry was recently described as follows:

> [a] preliminary injunction is appropriate when a plaintiff demonstrates 'either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in [the plaintiff's] favor' . . . . In addition to balancing the hardships to the parties, [courts] also must take into account the public's interest.

*The Lands Council v. McNair*, 537 F.3d 981, 1003 (9th Cir. 2008). "[T]he less certain the district court is of the likelihood of success on the merits, the more plaintiffs must convince the district court that the public interest and balance of hardships tip in their favor." *Ibid*.[1]

In the recent *Winter* decision, however, the Supreme Court held that it was not sufficient to show a mere possibility of irreparable harm. It ruled that the Ninth Circuit's standard permitting injunctive relief based on a mere "possibility" of irreparable injury was "too lenient . . . plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is likely in the absence of an injunction." It further explained:

> [a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

129 S.Ct. at 374.

*Winter* concerned the end of the sliding scale where the weaker factor involves injury, not the end of the scale where the weaker factor involves the merits (but the injury is clear and the equities tip in favor of relief). *Winter* can, however, be construed to hold that the moving party must *always* show a probability of success on the merits (as well as a probability of injury). Justice Ginsburg stated in dissent, however, that "[c]onsistent with equity's character, courts do not insist that litigants uniformly show a particular, predetermined quantum of probable success or injury before awarding equitable relief. Instead, courts have evaluated claims for equitable relief on a 'sliding scale,' sometimes awarding relief based on a lower likelihood of harm when the likelihood of success is very high . . . . This Court has never rejected that formulation, and I do not believe it does so today." *Winter*, 129 S.Ct. at 392 (Ginsburg, J. dissenting).

Consistent with Justice Ginsburg, the March 2009 order herein granting Strawberry Canyon's motion for a preliminary injunction found that, although *Winter* rejected injunctions based on a mere possibility of irreparable injury, it did not foreclose injunctive relief where irreparable injury is imminent and manifest but where the plaintiff can only raise "serious

---

[1] Unless otherwise noted, all internal quotations and citations are omitted from authority quoted by this order.

2

questions" going to the merits but not a probability of success on the merits. Several other district courts have interpreted *Winter* similarly.[2] The March 2009 order found that plaintiff had not shown a likelihood of success on the merits but had raised serious merits questions and had shown a probability, indeed virtual certainty, of irreparable injury and that the equities tipped sharply in favor of relief.

The Ninth Circuit's subsequent decision in *American Trucking* — just two days after the preliminary injunction issued — drew into question whether the March 2009 order had interpreted *Winter* properly. In reversing a district court decision to reject injunctive relief, *American Trucking* reiterated *Winter's* above-quoted four-part inquiry, and it stated, "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable." *American Trucking Associations, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1053 (9th Cir. 2009). The decision made no reference to Justice Ginsburg's viewpoint nor to preserving any aspect of the sliding-scale test. In light of *American Trucking*, the undersigned therefore requested supplemental briefing regarding the continued viability of the sliding-scale approach, whether a showing of probable success on the merits is *always* required, and whether *American Trucking* required this Court to vacate the preliminary injunction.

To thicken the plot, a subsequent unpublished opinion (by a different panel) in the Ninth Circuit strongly suggested that the sliding-scale approach *does* remain viable. After quoting *Winter*'s four-part inquiry, it explained: "[i]n addition to this traditional test, this Court has consistently applied an alternative 'sliding-scale' test . . . ." *Greater Yellowstone Coalition v. Timchak*, 2009 WL 971474, at *1 (9th Cir. 2009). It further explained:

> while *Winter* held that it is not sufficient for a plaintiff to show a mere possibility of irreparable harm in order to prevail on his

---

[2] *See, e.g.*, *Habeas Corpus Res. Ctr. v. United States Dep't of Justice*, 2009 WL 185423, at *5 (N.D. Cal. 2009) (after *Winter*, "[w]hen the balance of harm 'tips decidedly toward the plaintiff,' injunctive relief may be granted if the plaintiff raises questions 'serious enough to require litigation.'"); *Quinault Indian Nation v. Kempthorne*, 2009 WL 734682, at *2 (W.D. Wash. 2009) (explaining that "all four factors are considered together in evaluating if a preliminary injunction is appropriate" and issuing injunctive relief based on a "tenable argument," although "not [a] compelling factor by itself," that the plaintiff would succeed on the merits due to immediate irreparable harm); *Inspection Management Systems, Inc. v. Open Door Inspections, Inc.*, 2009 WL 805813, *3 (E.D. Cal. 2009) (utilizing Ninth Circuit's traditional test but noting that *Winter* now requires likely irreparable harm); *Brady Campaign to Prevent Gun Violence v. Salazar*, 2009 WL 763091, at *6 (D.D.C. 2009) ("[*Winter*] had no occasion to examine the D.C. Circuit's precedents allowing a plaintiff's strong showing in one area to compensate for weakness in another").

United States District Court
For the Northern District of California

> request for preliminary injunctive relief . . . *Winter* did not reject the sliding scale approach we employ in the alternative. [Citing Justice Ginsburg's dissent.] We find it unnecessary in this case to define the sliding-scale formulation's precise post-*Winter* contours.

*Id*. at *1 n.1. This decision omitted any reference to *American Trucking*. The undersigned recognizes that unpublished opinions have no precedential effect, but they help inform district judges as to the current thinking in the Ninth Circuit.

It would be most unfortunate if the Supreme Court or the Ninth Circuit had eliminated the longstanding discretion of a district judge to preserve the *status quo* with provisional relief until the merits could be sorted out in cases where clear irreparable injury would otherwise result and at least "serious questions" going to the merits are raised. One clear-cut example that regularly arises is when a homeowner seeks injunctive relief from an imminent foreclosure. Irreparable injury is manifest and the balance of equities is manifest, but the homeowner plaintiff is often *unable* in such circumstances to demonstrate a probability of success on the merits without the benefit of discovery and some further investigation, although "serious questions" on the merits are evident.

Can it possibly be that the Supreme Court and Ninth Circuit have taken away the ability of district judges to preserve the *status quo* pending at least some discovery and further hearing on the merits in such cases? This would be such a dramatic reversal in the law that it should be very clearly indicated by appellate courts before a district court concludes that it has no such power. In light of the lack of any clear statement foreclosing this traditional equitable power, given Justice Ginsburg's viewpoint that *Winter* did not foreclose the traditional sliding-scale approach, and given the discussion in *Yellowstone* suggesting that the sliding-scale approach remains valid in the Ninth Circuit, this order concludes that the preliminary injunction herein will remain in place and was properly within the authority of the district court.

**IT IS SO ORDERED.**

Dated: April 22, 2009.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

4